# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STEVE DRAKEFORD, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALABAMA CVS PHARMACY, L.L.C., ) | |
| ) | |
| Defendant. | |

## COMPLAINT

### I. JURISDICTION

1. This case is brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"), and 42 U.S.C. §1981 ("§1981"). Jurisdiction of this Court exists pursuant to 28 U.S.C. §1331.

2. Plaintiff timely filed his charge with the Equal Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has filed this suit within 90 days after receipt of his right-to-sue letter issued from the EEOC.

### II. PARTIES

3. Plaintiff Steve Drakeford ("Plaintiff") is an adult citizen of the United States and a resident of Shelby County, Alabama.

4. Defendant Alabama CVS Pharmacy, L.L.C. ("Defendant") is a corporation and an employer as that term is contemplated under the ADA and Title VII. Defendant owns and operates a pharmacy in Birmingham, Jefferson County, Alabama and did so during the events of this case.

### III. BACKGROUND

5. Paragraphs 1-4 above are incorporated by reference.

6. Plaintiff is African-American.

7. Plaintiff was employed by Defendant at its CVS Pharmacy at Inverness Plaza in Birmingham, Alabama as Assistant Store manager.

8. Plaintiff suffers from Clostridium Difficile Colitis ("CDC"), a bacterial intestinal disease, and Diabetes.

9. In August of 2009, Plaintiff went on medical leave due to the CDC.

10. While on leave, Plaintiff experienced a rectal tear due to the CDC.

11. Plaintiff's diabetes prevents the tear from healing.

12. On or about April 5, 2010, Plaintiff was released to return to work with a lifting restriction due to the rectal tear.

13. Plaintiff was then qualified for his position.

14. Plaintiff could have performed the essential functions of his position with the lifting restriction.

15. Plaintiff took the return to work slip to Donna Yeatman, his District Manager.

16. Plaintiff had remained in contact with Yeatman during his leave and kept her apprised of his situation.

17. Yeatman said she would have to talk to Richard Howard, the local Human Resources Manager.

18. Defendant had during the events of this case a policy that management employees on medical leave would be returned to their position if they returned to work within a year, perhaps to a different store.

19. About three days later, Yeatman called Plaintiff back and said that Defendant could not accommodate him.

20. There were other management employees in the Birmingham area who had been provided accommodations for lifting restrictions.

21. Yeatman told Plaintiff that it was up to the store manager as to whether to provide an accommodation.

22. Plaintiff was replaced by a Caucasian employee promoted by the store manager, Robert Evans.

23. Evans is also Caucasian.

24. The other area management employees referred to above who had been given accommodations for lifting restrictions are Caucasian.

25. Accommodating Plaintiff's lifting restriction would have been reasonable and would not have imposed any hardship on Defendant.

## IV. CAUSES OF ACTION

### COUNT I

### ADA

26. Paragraphs 1-25 are incorporated herein.

27. Plaintiff's CDC, Diabetes, and rectal tear referenced above left him with physical impairments under the ADA.

28. Due to these impairments, Plaintiff was and is substantially limited with respect to major life activities including lifting, bending, and controlling body waste.

29. Plaintiff was and is disabled under the ADA.

30. Plaintiff was a qualified individual able to perform the essential functions of his position, with or without an accommodation.

31. Defendant violated Plaintiff's rights under the ADA by (a) failing to accommodate his disability, and/or (b) terminating his employment because of his disability.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate the ADA;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by re-employing Plaintiff and placing him in the position he would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT II

## TITLE VII

32. Paragraphs 1-25 above are incorporated by reference.

33. Defendant violated Plaintiff's rights under Title VII by discriminating against him on the basis of his race in terminating him.

34. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violating Title VII;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by re-hiring him and placing him in the position he would have occupied in the absence of discrimination (or front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT III

## 42 U.S.C. §1981

35. Paragraphs 1-25 above are incorporated by reference.

36. Defendant violated Plaintiff's rights under §1981 by terminating him because of his race.

37. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i) That the Court enter an Order declaring that Defendant's acts as described herein violated 42 U.S.C. §1981;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violating §1981;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by rehiring him and placing him in the position he would have occupied in the absence of discrimination (or front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

Respectfully submitted,

*/s/ Adam M. Porter*

Adam M. Porter
Attorney for Plaintiff
State Bar. No. ASB-2472-P75A
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Telephone: (205) 322-8999
Facsimile: (205) 322-8915
Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

*/s/ Adam M. Porter*

Attorney for Plaintiff

<u>Defendant's Address</u>:
Alabama CVS Pharmacy, L.L.C.
c/o C T Corporation System, Registered Agent
2 North Jackson St., Suite 605
Montgomery, AL 36104